UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PRESTON KNOTT, | ) |
|       Plaintiff, | ) |
| v. | ) Case No. 22-CV-0081-CVE-SH |
| CYCLONE DRILLING, INC. and JOHN DOE, | ) |
|       Defendants. | ) |
| and | ) |
| CYCLONE DRILLING, INC. | ) |
|       Third-Party Plaintiff, | ) |
| v. | ) |
| FMC TECHNOLOGIES SURFACE INTEGRATED SERVICES, INC., | ) |
|       Third-Party Defendant. | ) |

**OPINION AND ORDER**

Now before the Court are Defendant/Third-Party Plaintiff Cyclone Drilling Inc.'s Motion to Extend All Deadlines in the Case (Dkt. # 36) and Third-Party Defendant FMC Technologies Surface Integrated Services, Inc.'s Rule 12(b)(6) Motion to Dismiss Third-Party Plaintiff Cyclone Drilling Inc. Amended Complaint and Brief in Support (Dkt. # 43). FMC Technologies Surface Integrated Services, Inc. (FMC) argues that it was the employer of plaintiff Preston Knott, and FMC is immune from civil liability for claims related to Knott's injuries incurred within the scope of his employment. Dkt. # 43, at 3. According to FMC, this includes liability for claims of indemnification brought against FMC by third-parties who have been sued by Knott for negligently causing his injuries.

Cyclone Drilling, Inc. (Cyclone) responds that FMC is contractually obligated to indemnify Cyclone, even for Cyclone's own negligence, for claims brought against Cyclone by an employee of FMC. Dkt. # 46, at 5.

## I.

The facts giving rise to Cyclone's third-party claim against FMC are undisputed. FMC and Cyclone were both subcontractors on a well site, and Devon Energy (Devon) was the operator of the well. Dkt. # 2-2, at 1. Knott was working as an employee of FMC, and he was injured when an employee of Cyclone struck Knott's hand with a sledgehammer. Dkt. # 2-2, at 2. Knott sought and received worker's compensation from his employer, FMC. Dkt. # 43, at 7. Knott filed a lawsuit in Tulsa County District Court alleging a negligence claim against Cyclone and John Doe, the unknown employee of Cyclone who caused Knott's injury. Dkt. # 2-2. Cyclone filed a third-party complaint (Dkt. # 24) asserting an indemnification claim against TECHNIP FMC, USA and six other related entities based on an indemnification agreement contained in FMC's subcontract with Devon.[1] The subcontract between Devon and FMC includes the following indemnification provision:

> CONSULTANT shall fully defend, indemnify, release and completely hold harmless COMPANY GROUP from and against all actions, claims, demands, liabilities, damages, losses, costs, and expenses, including, but not limited to reasonable attorneys' fees (and any other costs associated with handling of or defense of any such action or claim of any kind), for injuries to or illness or death of CONSULTANT GROUP or for damage to, loss of or loss of use of CONSULTANT GROUP'S property, to the extent such injury, illness, death, loss or loss of use of arises out of, or is connected with this Agreement, even though such injury, illness, death, loss or loss of use of may have been caused in whole or in part by COMPANY GROUP'S negligence or fault in any degree and under any rule or theory of law.

---

[1]  Cyclone requested and received leave of court to file an amended third-party complaint (Dkt. # 39) naming the proper entity as the third-party defendant.

Dkt. # 46-2, at 5. "FMC" is the "CONSULTANT" and "CONSULTANT GROUP" as defined ito include all employees of FMC. Id. "COMPANY GROUP" is defined as "[(a)] COMPANY," co-ventures, and affiliated entities, including directors, officers, agents, employees; (b) its successors and assigns; (c) its parents, and the subsidiaries and affiliates of (a) and (b); and (d) the agents, directors, officers, employees and contractors of (a), (b), and (c). Id. There is no oral or written contract between FMC and Cyclone, and Cyclone is not expressly referenced in the subcontract between FMC and Devon.

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true

those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009). Further, "[i]n evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits . . . and documents incorporated into the complaint by reference," if "the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." Id. (internal quotations omitted). In this case, Cyclone's third-party complaint (Dkt. # 39) expressly references the subcontract between FMC and Devon, and the Court can refer to the subcontract without converting FMC's motion to dismiss into a motion for summary judgment.

### III.

FMC argues that it was Knott's employer at the time he was injured and, under Oklahoma law, an employer is immune from all civil liability under the exclusive remedy provision of the Oklahoma Administrative Worker's Compensation Act (OAWCA), OKLA. STAT. tit. 85A, § 5. The statute provides that the "rights and remedies granted to an employee subject to the provisions of the [OAWCA] shall be exclusive of all other rights and remedies of the employee . . . ." The worker's compensation remedy applies to all claims of accidental injury suffered by an employee on the job and, subject to limited exceptions, an employee gives up the right to bring a negligence claim against

4

his employer as a historical trade-off for having the no-fault remedy of worker's compensation. Farley v. City ov Claremore, 465 P.3d 1213, 1230-31 (Okla. 2020). "To be equitable as well as effective, this protection must extend to all liability either directly or indirectly derived from the employee's injuries." Harter Concrete Products, Inc. v. Harris, 592 P.2d 526, 528 (Okla. 1979). Any right to indemnification against the employer must arise out of an independent legal relationship between the employer and the indemnitee, and this relationship must be separate from the employer's obligation to protect its employee from harm. Id.

Cyclone argues that this case falls within an exception to the general rule that FMC is immune from indemnification claims brought by third-parties who have been sued by an employee of FMC. Cyclone's response begins with an extensive analysis of Oklahoma law concerning third-party beneficiary status and pass-through liability, and Cyclone asserts that the indemnification agreement in the subcontract between Devon and FMC clearly and explicitly creates a contractual duty for FMC to indemnify any member of the "COMPANY GROUP." Dkt. # 46, at 9-16. Cyclone claims that it has a right to contractual indemnification from FMC, and Cyclone argues that the cases cited in FMC's motion to dismiss are inapplicable to this case because they concern only the unavailability of equitable indemnification claims against an employer. Id. at 17-21. The Court has reviewed Cyclone's briefing and finds that Cyclone wholly fails to address whether FMC has actually waived its statutory immunity as to Knott's claim against Cyclone. As a starting point, the Court will assume that FMC has statutory immunity from suit under OKLA. STAT. tit. 85A, § 5. The Court will next consider whether FMC has expressly or impliedly waived its statutory immunity from civil liability for claims that directly or indirectly concern injuries suffered by an employee within the scope of employment. If so, the Court will consider whether Cyclone is permitted to

5

assert an indemnification claim against FMC pursuant to the subcontract between Devon and FMC based on Cyclone's arguments concerning third-party beneficiary status or pass-through liability.

"The primary goal of contract interpretation is to determine and give effect to the intention of the parties at the time the contract was made. In arriving at the parties' intent, the terms of the instrument are to be given their plain and ordinary meaning. Where the language of a contract is clear and unambiguous on its face, that which stands expressed within its four corners must be given effect. A contract should receive a construction that makes it reasonable, lawful, definite and capable of being carried into effect if it can be done without violating the intent of the parties." State ex rel. Doak v. Red Rock Ins. Co., 444 P.3d 493, 495 (Okla. Civ. App. 2019) (quoting May v. Mid-Century Ins. Co., 151 P.3d 132 (Okla. 2006) (footnotes omitted)). "An indemnity agreement is a valid agreement in Oklahoma, and is governed by statute." Fretwell v. Prot. Alarm Co., 764 P.2d 149, 152 (Okla. 1988). Under Oklahoma law, "[i]ndemnity is a contract by which one engages to save another from a legal consequence of the conduct of one of the parties, or of some other person." OKLA. STAT. tit. 15, § 421. Crucially, "unless a contrary intention appears" from the text of the contract, "[u]pon an indemnity against liability, expressly, or in other equivalent terms, the person indemnified is entitled to recover upon becoming liable"; and "[u]pon an indemnity against claims or demands, or damages or costs, expressly, or in other equivalent terms, the person indemnified is not entitled to recover without payment thereof." OKLA. STAT. tit. 15, § 427.

The indemnification provision in the subcontract between Devon and FMC provides that "CONSULTANT shall fully defend, indemnify, release and completely hold harmless COMPANY GROUP from and against all actions, claims, demands, liabilities, damages, losses, costs, and expenses . . . ." Cyclone argues that the "Company Group" includes "CONSULTANT'S

6

subcontractors" and this creates an independent contractual obligation between FMC and all other subcontractors of Devon. Dkt. # 46, at 7. However, the Court must consider the contract as whole, and the Court does view the indemnification provision in isolation. The subcontract expressly requires FMC to obtain worker's compensation insurance in sufficient amounts "for all of CONSULTANT'S employees performing duties for COMPANY pursuant to this agreement." Dkt. # 46-2, at 5. FMC did not expressly waive its worker's compensation immunity in the subcontract and, in fact, FMC was required to obtain worker's compensation insurance to fully compensate its employees should they be injured within the scope of their employment. Cyclone was not a party to the subcontract and the subcontract does not expressly reference Cyclone in the indemnification agreement or any other provision of the subcontract.

 Cyclone does not allege that it had an independent contractual relationship with FMC or that FMC expressly waived its statutory immunity to Cyclone. Instead, Cyclone makes a convoluted argument that the subcontract between FMC and Devon contains an indemnification agreement between FMC and Devon and, based on an expansive interpretation, Cyclone argues that its is a third-party beneficiary of the indemnification agreement. The indemnification agreement does not specifically mention Cyclone nor does it suggest that FMC agreed to waive its statutory immunity under OKLA. STAT. tit. 85A, § 5. Oklahoma courts give great weight to the exclusive remedy provision of the OAWCA, and the Court does not find that a vague indemnification provision in a subcontract waives FMC's statutory immunity from claims for indirect liability to its employee. The intent of the contracting parties, Devon and FMC, is clear that FMC was required to maintain worker's compensation coverage for its employees, and the clear implication of this provision is that

7

the contracting parties intended that FMC would retain its statutory immunity from suit under OKLA. STAT. tit. 85A, § 5.

The cases cited by Cyclone do not establish that Oklahoma courts would find that an employer waives its statutory immunity from suit based on an indemnification agreement with a general contractor. In two of the cases cited by Cyclone, there was an express indemnification agreement between the potential indemnitor and indemnitee, and the cases do not concern situations in which a subcontractor was seeking indemnification from another subcontractor under a third-party beneficiary theory. United States v. Hardage, 985 F.2d 1427 (10th Cir. 1993); Wallace v. Sherwood Constr. Co., Inc., 877 P.2d 632 (Okla. Civ. App. 1994). Cyclone also cites American Energy-Permian Basin, LLC v. ETS Oilfield Servs., LP, 417 P.3d 1282 (Okla. Civ. App. 2018), in which the Oklahoma Court of Civil Appeals considered whether an indemnification agreement in a subcontract clearly and explicitly required a subcontractor to indemnify the operator of a well. There were no issues concerning worker's compensation immunity, but the case did address the concept of pass-through immunity. The court did not wholly reject the use of broad indemnification agreements as a means of creating pass-through immunity, but the contract must contain "clear and explicit" language with regard to the basis for indemnification. American Energy-Permian Basin, 417 P.3d at 1287. In this case, it would not be sufficient for the subcontract merely to create a right of indemnification among Devon's subcontractors, but the party seeking indemnification would also have to establish that FMC waived its statutory immunity from suit under OKLA. STAT. tit. 85A, § 5. Cyclone has failed to show that the subcontract between FMC and Devon expressly or impliedly waives FMC's statutory worker's compensation immunity and, to the contrary, the contracting parties impliedly maintained FMC's worker's compensation immunity. Cyclone cannot proceed

with an indemnification claim against FMC, because this would be an attempt to hold FMC indirectly liable for injuries suffered by its employee within the scope of his employment and FMC and Cyclone do not have an independent legal relationship that would permit Cyclone to maintain an indemnification claim against FMC. Harter Concrete Production, 592 P.2d at 528. Cyclone's third-party complaint against FMC should be dismissed.

Cyclone has filed a motion (Dkt. # 36) to extend all deadlines in the scheduling order pending the filing of Cyclone's amended third-party complaint and the Court's ruling on FMC's motion to dismiss. The Court permitted Cyclone to file an amended third-party complaint naming FMC as the third-party defendant, and FMC filed a motion to dismiss the amended third-party complaint. The Court has determined that Cyclone's amended third-party complaint against FMC should be dismissed, but finds that Cyclone's request for entry of an amended scheduling order should be granted.

**IT IS THEREFORE ORDERED** that Third-Party Defendant FMC Technologies Surface Integrated Services, Inc.'s Rule 12(b)(6) Motion to Dismiss Third-Party Plaintiff Cyclone Drilling Inc. Amended Complaint and Brief in Support (Dkt. # 43) is **granted**, and Cyclone's amended third-party complaint (Dkt. # 39) is dismissed. FMC Technologies Surface Integrated Services, Inc. is hereby **terminated** as a third-party defendant, and Cyclone is terminated as a third-party plaintiff. A judgment of dismissal of the third-party claim will be entered herewith. The parties are directed to correct the case caption in future pleadings to omit the third-party claim reference.

**IT IS FURTHER ORDERED** that Defendant/Third-Party Plaintiff Cyclone Drilling Inc.'s Motion to Extend All Deadlines in the Case (Dkt. # 36) is **granted**, and all deadlines in the scheduling order (Dkt. # 15), including the pretrial conference set for January 4, 2023 and the jury trial set for January 17, 2023, are **stricken**. An amended scheduling order will be entered forthwith.

**DATED** this 29th day of December, 2022.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE