## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PRESTON KNOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-CV-0081-CVE-SH |
| | ) | |
| CYCLONE DRILLING, INC. and | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CYCLONE DRILLING, INC. | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FMC TECHNOLOGIES SURFACE | ) | |
| INTEGRATED SERVICES, INC., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is Third-Party Plaintiff Cyclone Drilling Inc.'s Motion to Reconsider or in the Alternative Certify Interlocutory Order for Appeal (Dkt. # 55). Cyclone Drilling, Inc. (Cyclone) asks the Court to reconsider a prior opinion and order (Dkt. # 51) granting third-party defendant FMC Technologies Surface Integrated Services, Inc.'s (FMC) motion to dismiss Cyclone's third-party complaint. In the alternative, Cyclone asks the Court to certify its ruling granting the motion to dismiss for interlocutory appeal. FMC responds that Cyclone is asserting new arguments that should have been raised in response to the motion to dismiss, and Cyclone's disagreement with the Court's ruling is not a basis for reconsideration.

Preston Knott was working as an employee of FMC, and he was injured when an employee of Cyclone struck Knott's hand with a sledgehammer. Dkt. # 2-2, at 2. Knott sought and received worker's compensation from his employer, FMC. Dkt. # 43, at 7. Knott filed a lawsuit in Tulsa County District Court alleging a negligence claim against Cyclone and John Doe, the unknown employee of Cyclone who caused Knott's injury. Dkt. # 2-2. Cyclone filed a third-party complaint (Dkt. # 24) asserting an indemnification claim against TECHNIP FMC, USA and six other related entities based on an indemnification agreement contained in FMC's subcontract with Devon Energy (Devon).[1] The subcontract between Devon and FMC includes the following indemnification provision:

> CONSULTANT shall fully defend, indemnify, release and completely hold harmless COMPANY GROUP from and against all actions, claims, demands, liabilities, damages, losses, costs, and expenses, including, but not limited to reasonable attorneys' fees (and any other costs associated with handling of or defense of any such action or claim of any kind), for injuries to or illness or death of CONSULTANT GROUP or for damage to, loss of or loss of use of CONSULTANT GROUP'S property, to the extent such injury, illness, death, loss or loss of use of arises out of, or is connected with this Agreement, even though such injury, illness, death, loss or loss of use of may have been caused in whole or in part by COMPANY GROUP'S negligence or fault in any degree and under any rule or theory of law.

Dkt. # 46-2, at 5. "FMC" is the "CONSULTANT" and "CONSULTANT GROUP" as defined ito include all employees of FMC. Id. "COMPANY GROUP" is defined as "[(a)] COMPANY," co-ventures, and affiliated entities, including directors, officers, agents, employees; (b) its successors and assigns; (c) its parents, and the subsidiaries and affiliates of (a) and (b); and (d) the agents, directors, officers, employees and contractors of (a), (b), and (c). Id. There is no oral or written

---

[1] Cyclone requested and received leave of court to file an amended third-party complaint (Dkt. # 39) naming the proper entity as the third-party defendant.

2

contract between FMC and Cyclone, and Cyclone is not expressly referenced in the subcontract between FMC and Devon.

FMC filed a motion to dismiss the third-party complaint on the ground that FMC had immunity from Cyclone's claim under Oklahoma's worker's compensation laws.  Dkt. # 43. Cyclone responded that its claim for indemnification against FMC was permitted as a matter of Oklahoma law, and Cyclone argued that it could recover against FMC under third-party beneficiary or pass through liability theories.  Dkt. # 46, at 10-16.  Cyclone also argued that FMC's indemnification agreement with Devon provided an exception to the general rule that an employer was statutorily immune from suit under Oklahoma's worker's compensation laws.  Id. at 17-21. Cyclone affirmatively represented to the Court that this case was governed by Oklahoma law.  Id. at 10 n.1.  The Court rejected Cyclone's argument that FMC had waived its statutory immunity from suit by entering the subcontract with Devon or that there was an independent legal relationship between FMC and Cyclone that would permit Cyclone to seek indemnification from FMC.  Dkt. # 51.  Applying Oklahoma law, the Court concluded that Oklahoma worker's compensation statutes provide an employer immunity from indirect liability in the form of an indemnification claim by a third-party unless there was an independent legal relationship between the employer and indemnitee. Id. at 5.  The Court found that the indemnification agreement between FMC and Devon did not constitute a waiver of FMC's worker's compensation immunity or create any type of legal relationship between FMC and Cyclone, and the Court granted FMC's motion to dismiss the third-party complaint.

Under Rule 59(e), a party may ask a district court to reconsider a final ruling or judgment when the district court has "misapprehended the facts, a party's position, or the controlling law."

Barber ex rel. Barber v. Colo. Dep't of Revenue, 562 F.3d 1222, 1228 (10th Cir. 2009).  "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).  Reconsideration is "not available to allow a party to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument."  FDIC v. United Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)).  "A Rule 59(e) motion to reconsider is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple."  Syntroleum Corp. v. Fletcher Int'l, Ltd., 2009 WL 761322 (N.D. Okla. Mar. 19, 2009).

The Court has reviewed Cyclone's motion (Dkt. # 55) and finds no basis to reconsider its prior opinion and order (Dkt. # 51).  Cyclone previously represented that this case was governed by Oklahoma law, and it relied on Oklahoma statutes and judicial precedent in an effort to show that it could seek indemnification from FMC.  Cyclone now takes that position that Oklahoma law does not apply in this case, and the Court should have applied Texas law to determine whether Cyclone has right to seek indemnification from FMC.  Dkt. # 55, at 10-13.  The Court declines to reconsider its prior ruling based on Cyclone's new argument that the subcontract between Devon and FMC requires the application of Texas law.  This argument was available when Cyclone filed its response to FMC's motion to dismiss, and Cyclone chose to rely strictly on Oklahoma law when arguing that

it had a right to contractual indemnification from FMC.[2]  More importantly, Cyclone has not made

a clear showing that the Court's ruling on the motion to dismiss would be different under Texas law,

and the Court finds no basis to reconsider its decision to grant FMC's motion to dismiss.  Cyclone's

motion to reconsider (Dkt. # 55) is denied.[3]

Cyclone also argues that the Court should certify its opinion and order (Dkt. # 51) for

interlocutory appeal.  Under 28 U.S.C. § 1292(b), a district judge may certify an interlocutory appeal

if "such order involves a controlling question of law as to which there is substantial ground for

difference of opinion and that an immediate appeal from the order may materially advance the

ultimate termination of the litigation."  If a district judge makes this certification, the moving party

may seek leave from the court of appeals to pursue an interlocutory appeal.  Homeland Stores, Inc.

v. Resolution Trust Corp., 17 F.3d 1269, 1271 (10th Cir. 1994).  Section 1292(b) is meant to be used

sparingly and interlocutory appeals under this section are rare.  Camacho v. Puerto Rico Ports

Authority, 369 F.3d 570, 573 (1st Cir. 2004).  Interlocutory appeals may be permitted when an

immediate appeal of a controlling issue of law will avoid protracted litigation.  Koehler v. Bank of

Bermuda Ltd., 101 F.3d 863, 865 (2d Cir. 1996); State of Utah by and through Utah State Dep't of

---

[2]     Cyclone complains that FMC is playing a "gotcha game by arguing that Cyclone's failure to raise this issue in response to FMC's motion to dismiss is somehow a judicial admission that Oklahoma law applies," because Cyclone was "merely responding to FMC's motion to dismiss which raised the issue under Oklahoma law."  Dtk. # 57, at 2-3.  Cyclone's argument is unpersuasive.  FMC's reliance on Oklahoma law in its motion to dismiss did not prohibit Cyclone from arguing that Texas law should be applied in this case, and Cyclone cannot fault FMC if Cyclone failed to fully review the language of the contract before it filed its response.

[3]     The Court notes that Cyclone's indemnification claim against FMC was dismissed without prejudice to refiling and, should Cyclone later be found liable to Knott, Cyclone may reallege its indemnification claim if it has an appropriate basis to do so.  See Dkt. # 51, at 10 (opinion and order granting FMC's motion to dismiss but not specifying that the dismissal was with prejudice to refiling).

Health v. Kennecott Corp., 14 F.3d 1489, 1495 (10th Cir. 1994).  However, "interlocutory appeals are 'limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision of controlling questions encountered early in the action.'" Chesapeake Land Development Co. LLC v. Chicago Title Insurance Company, 2018 WL 8287706, *1 (W.D. Okla. July 19, 2018) (quoting Utah State Dep't of Health, 14 F.3d at 1495).

The Court finds that the issue of Cyclone's right to indemnification from FMC is not suitable for interlocutory appeal.  Cyclone has not identified a controlling issue of law that is sufficiently abstract that could be resolved on interlocutory appeal, and the Court cannot certify a mixed question of fact and law for an interlocutory appeal.  For the purpose of an interlocutory appeal, a controlling question of law "means a pure question of law requiring the resolution of 'abstract' legal issues" and "not the application of a legal question to the particular facts of the case." In re SemGroup Energy Partners, L.P., 729 F. Supp. 2d 1276, 1312 (N.D. Okla. 2010).  The interpretation of an indemnification clause in the subcontract between Devon and FMC is not a pure question of law. Resolution of this issue required consideration of the facts of the case, the application of state contract law, and an understanding of the principles supporting an employer's immunity from tort liability under worker's compensation law.  This is not such a clear-cut or abstract legal issue that could be presented to the Tenth Circuit Court of Appeals by means of an interlocutory appeal.  The Court also notes that resolution of the issue would not help the parties avoid protracted or unnecessary litigation.  The primary issue in this case is Cyclone's liability to the injured plaintiff, Knott, rather than who will eventually pay a judgment to Knott if he is successful on his claim against Cyclone.  Cyclone is free to raise the issue of its right to indemnification from FMC on

appeal following the entry of a final judgment, but Cyclone has not shown that resolution of this issue by means of an interlocutory appeal will help to avoid protracted or unnecessary litigation.

 **IT IS THEREFORE ORDERED** that Third-Party Plaintiff Cyclone Drilling Inc.'s Motion to Reconsider or in the Alternative Certify Interlocutory Order for Appeal (Dkt. # 55) is **denied**.

 **DATED** this 28th day of March, 2023.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE